## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

IN RE:

MARK A. JEWELL,

      Debtor.

MARK A. JEWELL,

      Plaintiff.

v.s

STATE FARM BANK, by and through
CENLAR, FSB, by Mortgage Electronic
Registration Systems, Inc., its nominee,

      Defendant.

BK 07-70568-CMS

AP 11-70032-CMS

## <u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court July 3, 2012, for hearing on the Motion for Summary Judgment filed by State Farm Bank, by and through Cenlar, FSB, by Mortgage Electronic Registration Systems, Inc., its nominee ("Movant").  Ray A. Carle appeared on behalf of Movant; John E. Bockman appeared on behalf of Mark A. Jewell ("Debtor").  After reviewing the evidence submitted at the hearing and the arguments of the parties this court **GRANTS** the Motion for Summary Judgment.  Movant's request that this court impose sanctions on Debtor in the form of costs and attorney fees for "spurious pleading" is **DENIED**.

1

## JURISDICTION

The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a). The bankruptcy court may enter an appropriate order and judgment pursuant to 28 U.S.C. § 157(b).

## FINDING OF FACTS

On April 6, 2007, Debtor filed a bankruptcy petition pursuant to Chapter 13 of the United States Bankruptcy Code.[1] (Bk. Doc. 1). In his Chapter 13 Plan, which was filed the same day as his bankruptcy petition, Debtor proposed to pay Movant an ongoing monthly mortgage payment of $587.00.[2] (Bk. Doc. 3). Debtor did not propose to pay Movant any arrearage. On June 8, 2007, Debtor filed an Amended Chapter 13 Plan. (Bk. Doc. 26). The Amended Chapter 13 Plan did not amend the proposed treatment of Movant. On June 19, 2007, Claim #4 was filed on behalf of Movant. Such claim provided that Debtor was current and owed Movant no arrearage. On July 19, 2007, a Confirmation Order was entered by this court which confirmed the Debtor's Amended Chapter 13 Plan and provided that Movant would be paid direct by Debtor per the mortgage contract, as there was no arrearage. (Bk. Doc. 35).

After the Confirmation Order was entered, Debtor fell behind on his mortgage payments. On October 9, 2008, Movant filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay.

---

[1] Debtor's bankruptcy case was assigned the following case number: 07-70568.

[2] On June 30, 2006, Debtor and his wife, Gali S. Jewell, granted a mortgage on their homestead real property located in Pickens County, Alabama. The mortgage is currently held by Movant. (Claim #4).

2

(Bk. Doc. 64). Movant sought relief from the automatic stay so that it could proceed with foreclosure against Debtor's homestead real property. The parties were able to settle the matter; an Order Conditionally Denying Relief from the Automatic Stay was entered by consent on November 10, 2008 ("Consent Order"). (BK Doc. 71). The Consent Order provided, in pertinent part that:

> . . . . Debtor(s) shall pay Cenlar all post-petition payments (consisting of August 2008 through October 2008 payment at $541.25 each), and attorney's fees of $600.00 and costs of $150.00, which totals $2,373.75. . . .

> . . . . [S]hould Cenlar fail to receive any regular monthly payments from Debtor(s) (beginning November, 2008) within the calendar month such payment becomes due, and after a twenty (20) day written notice of default to Debtor(s) and Debtor(s)' attorney, the stay provided under 11 U.S.C. Section 362 and 11 U.S.C. Section 1301 is terminated automatically without further order of this Court, as it relates to the enforcement of the lien regarding the [Debtor's homestead real property] . . . .

(Bk. Doc. 71). On April 12, 2011, Movant sent Debtor and Debtor's attorney a written notice of default informing them that Debtor missed the March 2011 payment. The written notice further informed them that Debtor was required to mail a money order in the amount of $563.99 to Movant in order to cure the post-petition arrearage and that Movant had to receive such money order within 20 days of the date of the letter. (AP. Doc. 1, Exhibit B). On April 24, 2011, Debtor mailed Check #1913 in the amount of $563.99 via an Express Mail envelope provided by the Columbus, Mississippi, State Farm office. (AP. Doc. 1, Exhibit A). Check #1913 was not received prior to the expiration of the 20-day deadline. (AP. Doc. 1, Exhibit C). On May 2, 2011, Movant filed a Notice of Termination of Stay, which provided:

> COMES NOW, Cenlar, FSB., by and through its undersigned attorney of record, and hereby gives notice that, pursuant to the prior Order of this Court dated November 10, 2008, Movant did serve upon Debtor and Debtor's counsel notice of a continuing default in post-petition payments. Said default has not been cured with the period of time set forth in this Court's November 20, 2008 Order and, accordingly, the Automatic Stay has been terminated.

(Bk. Doc. 83). Debtor did not file a response or objection to the Notice of Termination of Stay.

After Movant filed the Notice of Termination of Stay, Movant received check #1913. On May 10, 2011, Movant sent a letter to Debtor's attorney with the returned check #1913 enclosed. (AP Doc. 1, Exhibit C).[3] Although Movant believed the automatic stay had terminated pursuant to the Notice of Termination of Stay, Movant sent Debtor's attorney a letter requesting written authorization to contact Debtor regarding modification options for Debtor's mortgage. (AP Doc. 1, Exhibit D-1). While no proof is attached to the Original Complaint, the written authorization appears to have been provided: Movant sent the Debtor and his wife a letter on September 1, 2011, which requested that Debtor and his wife contact Movant immediately so that Movant could work with them in resolving their loan delinquency.[4] (AP Doc. 1, Exhibit D-2). On September 8, 2011, another letter was sent by Movant to Debtor and his wife. (AP Doc. 1, Exhibit D-3). This letter informed Debtor and his wife that foreclosure proceedings had been initiated. This letter also set out various alternatives to foreclosure and again requested that Debtor and his wife contact Movant to discuss such alternatives. On September 19, 2011, Movant sent Debtor and his wife a letter acknowledging receipt of their loan workout package. (AP Doc. 1, Exhibit D-4). The letter also noted that four items were missing from their loan workout package and that Debtor would be allowed 30 days to provide the missing information to the loan workout department via fax or mail. The letter informed Debtor and his wife that if the loan workout department did not receive the

---

[3]While the May 10, 2011 letter is not completely legible, the stated reason for returning check #1913 appears to be: "Notice of default pending not enough [to c]ure." (AP. Doc. 1, Exhibit C).

[4]Before Movant sent this letter, Debtor and his wife made three one-time drafts to Movant: On July 6, 2011, Debtor sent Movant $1,635.75; On July 26, 2011, Debtor sent Movant $553.25; On August 9, 2011, Debtor sent Movant $553.25. (AP Doc. 1, Exhibits E, F, & G).

4

missing information within 30 days, their request for a loan workout could be denied. Shortly after Debtor received the September 19, 2011 letter, Debtor received a copy of a Notice of Mortgage Foreclosure Sale. Pursuant to such Notice, a foreclosure sale of Debtor's homestead real property was scheduled for October 20, 2011. (AP Doc. 1, Exhibit H).

On October 7, 2011, Debtor commenced this adversary proceeding by filing a Complaint for Temporary Restraining Order and Motion for Preliminary Injunction ("Original Complaint"). Debtor filed the Original Complaint because he wanted an injunction from this court prohibiting Movant from continuing with foreclosure proceedings against Debtor's homestead real property. (AP. Doc. 1). In support of his request for an injunction, Debtor asserts that his failure to comply with the Notice of Termination of Stay occurred through no fault of his own. Attached to the complaint is an affidavit executed by Debtor which provides, in pertinent part that:

> . . . . I pay my monthly mortgage payment direct to State Farm by going in to the Columbus, Mississippi State Farm office and having my payments mailed to the New Jersey address in a State Farm provided envelope. My payment for March 2011, although late, was mailed on April 24th, 2011, and was within the 20 days of the default letter dated April 12, 2011. I sent the total amount to cure the missed payment by check (#1913) in an Express Mail provided envelope from the Columbus office as usual but never reached its destination in New Jersey. I was then notified that my payment was found in a Tuscaloosa County post office and was delayed being forwarded because of the April 27, 2011 tornado that hit Tuscaloosa, which was just days after the payment was mailed. Once the check finally made it to its destination, my check (#1913) was returned by State Farm and they would not accept my April 2011 payment due to the above mentioned check being late.

(AP. Doc. 1, Exhibit A).

On October 18, 2011, a hearing was held on the request for a temporary restraining order. Debtor appeared and testified in support of his request. No one appeared on behalf of Movant. This court granted Debtor's request for a temporary restraining order. (AP Doc. 7).

On October 24, 2011, Debtor filed an Amended Complaint. (AP Doc 11).

On October 31, 2011, Movant filed its Answer to the Original Complaint, as well as its Answer to the Amended Complaint. (AP Docs. 14 & 15).

On November 16, 2011, Debtor's Chapter 13 bankruptcy case 07-70568 was dismissed because his Confirmed Chapter 13 Plan was no longer feasible. (Bk. Doc. 93).

On December 8, 2011, Debtor filed a second bankruptcy petition pursuant to Chapter 13 of the United States Bankruptcy Code.[5] (2nd Bk. Doc. 1).

On January 11, 2012, Movant filed a Motion for Entry of Order Dissolving Injunction. (AP Doc. 19). On February 17, 2012, this court entered a Consent Order on Motion for Entry of Order Dissolving Injunction. Such Consent Order provided, in pertinent part, that:

> THEREFORE, UPON CONSENT of all parties hereto to entry of this Order, Defendant's Motion is hereby GRANTED, [Debtor's] Motion for Preliminary Injunction is WITHDRAWN AND THEREFORE HEREBY DENIED, and any and all temporary or preliminary injunctive relief granted herein, is HEREBY DISSOLVED."

(AP Doc. 32).

On May 24, 2012, Movant filed a Motion for Summary Judgment. On June 21, 2012, Debtor filed a Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (AP Doc. 45). On June 28, 2012, Movant filed a Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (AP Doc. 47). A hearing on the Motion for Summary Judgment was held July 3, 2012.

## CONCLUSIONS OF LAW

Movant asserts that it is entitled to summary judgment because Debtor failed to state a claim upon which relief may be granted in the Original Complaint and the Amended Complaint. Rule 56

---

[5]Debtor's second bankruptcy case was assigned the following case number: 11-72603.

of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7056, governs the procedures for summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). There are no issues of material fact in this adversary proceeding; Debtor does not contest any of the facts laid out above. The court will now determine whether Movant has shown that it is entitled to judgment as a matter of law.

## I. Original Complaint

Movant has shown that it is entitled to judgment as a matter of law on the causes of action set forth in the Original Complaint. The Original Complaint seeks two forms of relief: (1) a temporary restraining order; and (2) a preliminary injunction. This court granted Debtor's request for a temporary restraining order on October 18, 2011. (AP Doc. 7). On January 11, 2012, Movant filed a Motion for Entry of Order Dissolving Injunction. (AP Doc. 19). On February 17, 2012, this court entered a Consent Order on Motion for Entry of Order Dissolving Injunction. Such Consent Order provided, in pertinent part, that:

> THEREFORE, UPON CONSENT of all parties hereto to entry of this Order, Defendant's Motion is hereby GRANTED, [Debtor's] Motion for Preliminary Injunction is WITHDRAWN AND THEREFORE HEREBY DENIED, and any and all temporary or preliminary injunctive relief granted herein, is HEREBY DISSOLVED."

7

(AP Doc. 32). Debtor consented to the denial of the two forms of relief sought in the Original Complaint. In other words, there is nothing left in the Original Complaint for this court to rule on, and there are no remaining causes of action upon which relief may be granted. Therefore, Movant is due judgment as a matter of law on the causes of action set forth in the Original Complaint. Movant's Motion for Summary Judgment is granted as to the Original Complaint.

## II. Amended Complaint

Debtor filed an Amended Complaint on October 24, 2011. (AP Doc. 11). The Amended Complaint does not set out any additional facts; however, the Amended Complaint does set out additional relief requested in paragraphs 3a through 3e.[6] The question remains whether the additional relief requested in paragraphs 3a through 3e states a cause of action upon which relief can be granted. The court will address each paragraph individually.

<u>3a - Debtor asks that this Honorable Court re-impose the automatic stay with respect to his homestead real property, described more fully in the Original Complaint.</u>

The request to re-impose the automatic stay fails to state a cause of action upon which relief can be granted.

The Debtor's first bankruptcy case, 07-70568, was dismissed on November 16, 2011. The court cannot re-impose the automatic stay in a dismissed case.

When Debtor filed his second Chapter 13 bankruptcy case, 11-72603, a second automatic stay came into being. 11 U.S.C. § 362. Because Debtor's first case was dismissed and Debtor filed his second case within one year of the dismissal of his first case, the automatic stay was set to expire

---

[6]Because the time for Debtor to file a second amended complaint has passed, the relief requested in the Amended Complaint governs whether Debtor has stated a cause of action upon which relief may be granted. (AP Doc. 22).

8

after 30 days. 11 U.S.C. § 362(c)(3)(A). Debtor requested that this court extend the automatic stay and that request was granted within the statutory time-frame. 11 U.S.C. § 362(c)(3)(B); (2nd Bk. Doc. 23). Therefore, there is an automatic stay in effect which prevents Movant from taking any action against Debtor's homestead real property, and there is no need for this court to re-impose the automatic stay.

There is no basis to re-impose the automatic stay upon the undisputed facts before this court. Therefore, the request to re-impose the automatic stay fails to state a cause of action upon which relief may be granted.

<u>3b - Debtor asks that this Honorable Court award him monetary compensation from Movant for the time he has taken off from his employment to attend to this matter and all other costs associated with attending to this matter which could have been avoided by Movant communicating truthfully and accurately with him regarding the reinstatement and status of his loan.</u>

The request to award Debtor monetary compensation for the time taken off work and all other costs associated with attending to this matter fails to state a cause of action upon which relief can be granted.

As far as this court is aware, there is only one code section that Debtor could potentially rely upon in seeking monetary compensation for time taken off work and all other costs under the undisputed facts before this court: 11 U.S.C. § 362(k)(1). Section 362(k)(1) provides, in pertinent part:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). However, upon examination of the Original Complaint and Amended Complaint, it is clear that Debtor is not seeking monetary compensation pursuant to § 362(k)(1).

9

Section 362(k)(1) provides remedies for willful violations of the automatic stay; Debtor does not allege that Movant violated the automatic stay. In fact, Debtor essentially admitted that there was no automatic stay in effect when he asked this court to re-impose the automatic stay in paragraph 3a of the Amended Complaint.[7] While Debtor's payment to Movant was late due to circumstances beyond his control, at no point has Debtor alleged that the unforeseen circumstances made it impossible for him to comply with the Order Conditionally Denying Relief from the Automatic Stay. Neither has Debtor alleged that the impossibility to comply with Order Conditionally Denying Relief from the Automatic Stay prevented the automatic stay from terminating. As such, Debtor has not alleged a violation of the automatic stay, 11 U.S.C. § 362(k)(1) does not apply, and there is no basis for awarding damages upon the undisputed facts before the court. Therefore, the request for monetary compensation fails to state a cause of action upon which relief may be granted.

<u>3c - Debtor asks that this Honorable Court award him punitive monetary damages from the Movant for the mental pain and suffering he has endured as a result of the Movant's grossly negligent or intentionally inflicted mental duress.</u>

The request for punitive damages fails to state a cause of action upon which relief may be granted.

As detailed above, Debtor does not allege a violation of the automatic stay. Therefore, 11 U.S.C. § 362(k)(1) is not applicable and Debtor cannot seek punitive damages pursuant to that code

---

[7]In addition to the request to re-impose the automatic stay, there is other evidence which proves that Debtor does not contest that the automatic terminated. On April 12, 2011, Movant sent Debtor and Debtor's attorney a written notice of default informing them that Debtor missed the March 2011 payment. (Bk Doc. 1, Exhibit B). No response or objection was filed with or presented to this court. On May 2, 2011, Movant filed a Notice of Termination of Stay. (Bk Doc. 83). No response or objection was filed with or presented to this court. The lack of response or objection to either notice proves to this court that Debtor did not contest the termination of the automatic stay.

section.

Because Debtor asserts that he should be awarded punitive damages as a result of the "mental pain and suffering he has endured as a result of [Movant's] grossly negligent or intentionally inflicted mental distress," it is plausible that Debtor is seeking punitive damages for the intentional infliction of emotional distress. Alabama recognizes such a cause of action, although it is referred to as the tort of outrage. The tort of outrage was first recognized by the Supreme Court of Alabama in Am. Road Serv. Co. v. Inmon, 394 So.2d 361 (Ala. 1981), wherein the Court held that conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" in order to meet the requirements of the tort of outrage. Inmon, 394 So. 2d at 368 (quoting RESTATEMENT (SECOND) OF TORTS § 46, cmt. (d) (1948)). Since recognizing the tort of outrage in 1981, the Supreme Court of Alabama "has consistently held that the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances." Thomas v. BSE Indus.Contractors, Inc., 624 So. 2d 1041, 1044 (Ala. 1993). It is so limited that the Supreme Court of Alabama has recognized the tort of outrage with regard to only three kinds of conduct: "(1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment."[8] Potts v. Hayes, 771 So.2d 462, 465 (Ala. 2000) (citations omitted).

---

[8]"That is not to say, however, that the tort of outrage is viable in only the three circumstances noted in Potts. Recently, [the Supreme Court of Alabama] affirmed a judgment on a tort-of-outrage claim asserted against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction." Ex parte Bole, No. 1110868, 2012 WL 3764721, at *11 (Ala. August 31, 2012) (citing O'Rear v. B.H., 69 So. 3d 106 (Ala. 2011)).

As a matter of law, the allegations made by Debtor in this adversary proceeding do not indicate that Movant's conduct, namely that Movant negotiated with Debtor to modify his mortgage while simultaneously initiating foreclosure proceedings, was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Inmon, 394 So. 2d at 368 (quoting RESTATEMENT (SECOND) OF TORTS § 46, cmt. (d) (1948)).

There is no basis for awarding Debtor punitive damages upon the undisputed facts before this court. Therefore, the request for punitive damages fails to state a cause of action upon which relief may be granted.

3d - Debtor asks that this Honorable Court award court costs and a reasonable attorney fee to his attorney for the time spent in the legal preparation, filing and prosecution of this action, which exceeded the scope of the agreement according to the Disclosure of Compensation of Attorney for a Debtor in the underlying chapter 13 case, and in accordance with Federal Bankruptcy Rule 7054.

Debtor's request for court costs and a reasonable attorney fee fails to state a claim upon which relief can be granted.

As an initial matter, there is no evidence that Debtor or Debtor's attorney incurred any costs, other than attorney fees, in the filing and prosecution of this adversary proceeding. Because the Debtor filed this adversary proceeding, no filing fee was required by the Clerk's Office, and Debtor has provided no evidence of any other costs associated with this adversary proceeding. Because there is no evidence of any costs, there is no basis upon which this court can award costs to Debtor.

As a secondary matter, even if there were costs associated with the filing and prosecution of this adversary proceeding, Debtor is not entitled to be reimbursed for those costs. Bankruptcy Rule 7054(b) provides that "[t]he court may allow costs to the prevailing party except when a statute of

12

the United States or these rules otherwise provides. . . ." FED. R. BANKR. PRO. 7054(b). Although Debtor initially obtained the temporary restraining order, such temporary restraining order was later dissolved by consent order, as was any preliminary injunctive relief. (AP Doc. 32). In addition, Movant's Motion for Summary Judgment is due to be granted. Therefore, Debtor is not the prevailing party in this adversary proceeding, and Debtor cannot rely upon Bankruptcy Rule 7054. Finally, Movant has not consented to pay any costs associated with the filing and prosecution of this adversary proceeding. Therefore, even if there were costs associated with the filing and prosecution of this adversary proceeding, there is no basis for this court to order Movant to pay such costs.

Debtor also requested that reasonable attorney fees be awarded. In reading the request for attorney fees, it is unclear to this court if Debtor or Movant is to pay any awarded attorney fees, so both scenarios will be addressed below.

If Debtor is to pay any awarded attorney fees in this adversary proceeding,[9] Debtor's attorney would have to file a fee application in order to receive compensation. Local Rule 2016-1(l). Debtor's attorney did not file such an application in Debtor's dismissed case, 07-70568, nor has Debtor's attorney filed such an application in Debtor's current bankruptcy case, 11-72603. Therefore, Debtor's attorney is not due an award of attorney fees to be paid by the Debtor at this time.

If Movant is to pay any awarded attorney fees, Debtor would have to show why the

_____

[9]The Disclosure of Compensation filed in Debtor's first bankruptcy case indicates that the attorney fee paid by Debtor does not include representation of the debtor in adversary proceedings and other contested bankruptcy matters. (Bk. Doc. 1). This is true for the Disclosure of Compensation filed in Debtor's second bankruptcy case as well. (2d Bk. Doc. 1). Therefore, Debtor's attorney has not been compensated for the work performed in the filing and prosecution of this adversary proceeding, and he is entitled to seek more compensation if he so chooses.

13

circumstances in this adversary proceeding warrant an exception to the American Rule regarding attorney fees, which requires each party to bear the costs of its own attorney fees. Debtor has pointed to no statute or rule which would allow for the costs of attorney fees to be shifted from Debtor to Movant.

There is no basis for awarding costs and attorney fees based upon the undisputed facts before this court. Therefore, the request for costs and attorney fees fails to state a cause of action upon which relief may be granted.

<u>3e - Debtor asks that this Honorable Court award any further and additional relief to which he may be entitled, whether or not specifically plead in the Original Complaint, herein or otherwise.</u>

The [Debtor's] Response in Opposition to [Movant's] Motion for Summary Judgment asserts that the pleadings filed in this adversary proceeding "contain specific facts that plausibly give rise to claims for negligence, breach of contract, negligent misrepresentation and/or fraud, and intentional infliction of emotional distress." (AP Doc. 45). Recall that the only facts alleged by Debtor are those contained in the Original Complaint: The Amended Complaint did not allege any additional facts, and no excerpts from depositions, answers to interrogatories, affidavits or other facts were submitted by Debtor. The court will address whether the Original Complaint contains "specific facts that plausibly give rise to claims for negligence, breach of contract, negligent misrepresentation and/or fraud, and intentional infliction of emotional distress" below.

1. Negligence

Debtor's Original Complaint fails to allege facts specific enough to plausibly give rise to a claim for negligence.

"The elements of a negligence claim are a duty, a breach of that duty, causation and damage."

14

<u>Armstrong Bus. Servs, Inc. v. Amsouth Bank</u>, 817 So. 2d 665, 679 (Ala 2001). Neither the Original Complaint nor the Amended Complaint have direct or inferential allegations respecting all of the elements of a negligence claim. In Paragraph 3b of the Amended Complaint, Debtor asserts that this adversary proceeding could have been avoided if Movant had communicated "truthfully and accurately with [Debtor] regarding the reinstatement and status of his loan." "At common law, a duty of due care can accompany a contractual obligation." <u>Id.</u> The facts alleged by Debtor could plausibly support a finding by this court that Movant owed a common law duty of care to communicate with Debtor honestly about the loan Movant was servicing. However, even assuming that Alabama law recognizes such a duty, it is not clear from the Original Complaint or the Amended Complaint how Movant breached this duty. The Exhibits attached to the Original Complaint indicate that Movant was working with Debtor to modify the loan, but that Debtor failed to supply all the needed documentation for such a modification. (AP Doc. 1, Exhibit D-4). If Debtor failed to provide all the needed information to Movant, and Debtor has provided no evidence to prove that all needed information was sent to Movant, after Movant repeatedly contacted Debtor about providing this information, this court fails to see how Movant could have plausibly breached any duty owed to Debtor. In addition, the initiating of foreclosure proceedings would not constitute a breach if Debtor did not comply with the requirements to qualify for a mortgage modification. There are no facts alleged that would support a finding by this court that Movant breached an alleged duty owed to Debtor. Both the Original Complaint and the Amended Complaint fail to allege facts specific enough to plausibly give rise to a claim for negligence.

In addition to the failure to allege facts specific enough to plausibly give rise to a claim for negligence, Debtor has also failed to provide legal authority which would support a finding by this

Case 11-70032-CMS    Doc 50    Filed 11/09/12    Entered 11/09/12 13:46:00    Desc Main
Document    Page 15 of 22

court that Movant owed a duty to the Debtor. Therefore, there is no basis for a finding that Movant was negligent upon the undisputed facts before this court. <u>Forester v. Bank of America, N.A.</u>, No. 11-0160, 2012 WL 3206471, at *4 (S.D. Ala. Aug. 7, 2012) (granting summary judgment on counts two and three, which derived from duties created by the mortgage agreement, after discussing the non-movant's failure to provide authority showing that "Alabama recognizes negligence and wantonness claims based upon duties created by contract").

Therefore, the Original Complaint and the Amended Complaint fail to state a cause of action for negligence.

## 2. Breach of Contract

Debtor's Original Complaint fails to allege facts specific enough to plausibly give rise to a claim for breach of contract.

"The basic elements of a contract are an offer and an acceptance, consideration and mutual assent to the essential terms of the agreement." <u>Armstrong Bus. Servs, Inc.</u>, 817 So. 2d at 673. "The elements of a breach-of-contract claim are: (1) the existence of a valid contract binding upon the parties in the action, (2) the plaintiff's own performance; (3) the defendant's nonperformance, or breach, and (4) damage." <u>Id.</u> While Debtor does not specifically state what contract it is that Movant breached, there are three potential contracts at issue in this adversary proceeding: the original mortgage between Debtor and Movant, the Consent Order Conditionally Denying Relief from Automatic Stay, and any modification agreement entered into by Debtor and Movant. The court will address each potential contract in turn.

Neither party disputes the validity of the original note and mortgage agreement entered into by the parties. However, it is clear that Debtor breached the terms of the original note and mortgage

16

agreement, and Debtor does not allege any facts upon which this court can find that Movant breached the original note and mortgage agreement. A breach-of-contract claim fails with respect to the original note and mortgage agreements.

Neither party disputes the validity of the Consent Order Conditionally Denying Relief from the Automatic Stay. However, Debtor does not allege any facts upon which this court can find that Movant breached the terms of such Consent Order. The Consent Order provided, in pertinent part that:

> . . . . Debtor(s) shall pay Cenlar all post-petition payments (consisting of August 2008 through October 2008 payment at $541.25 each), and attorney's fees of $600.00 and costs of $150.00, which totals $2,373.75. . . .
>
> . . . . [S]hould Cenlar fail to receive any monthly payments from Debtor(s) (beginning November, 2008) within the calendar month such payment becomes due, and after a twenty (20) day written notice of default to Debtor(s) and Debtor(s)' attorney, the stay provided under 11 U.S.C. Section 362 and 11 U.S.C. Section 1301 is terminated automatically without further order of this Court, as it relates to the enforcement of the lien regarding the [Debtor's homestead real property] . . . .

(Bk. Doc. 71). On April 12, 2011, Movant sent Debtor and Debtor's attorney a written notice of default informing them that Debtor missed the March 2011 payment. The written notice further informed them that Debtor was required to mail a money order in the amount of $563.99 to Movant in order to cure the post-petition arrearage and that Movant had to receive such money order within 20 days of the date of the letter. (AP. Doc. 1, Exhibit B). On April 24, 2011, Debtor mailed Check #1913 in the amount of $563.99 via an Express Mail envelope provided by the Columbus, Mississippi, State Farm office. (AP. Doc. 1, Exhibit A). Check #1913 was not received prior to the expiration of the 20-day deadline. (AP. Doc. 1, Exhibit C). On May 2, 2011, Movant filed a Notice of Termination of Stay, which provided:

17

> COMES NOW, Cenlar, FSB., by and through its undersigned attorney of record, and hereby gives notice that, pursuant to the prior Order of this Court dated November 10, 2008, Movant did serve upon Debtor and Debtor's counsel notice of a continuing default in post-petition payments. Said default has not been cured with the period of time set forth in this Court's November 10, 2008 Order and, accordingly, the Automatic Stay has been terminated.

(Bk. Doc. 83). Debtor did not file a response or objection to the Notice of Termination of Stay. Movant complied with all of the requirements of the Consent Order. Therefore, a breach-of-contract claim fails with respect to Consent Order.

There is no valid loan modification agreement between Debtor and Movant. Alabama's statute of frauds requires that certain agreements be expressed in writing and subscribed by the party to be charged with them, or by some other person authorized by that party.[10] ALA. CODE ANN. § 8-9-2 (West 2012). These agreements include "[e]very agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000." ALA. CODE ANN. § 8-9-2(7) (West 2012). Because Debtor's loan is for a principal amount of more than $25,000,[11] Alabama's statute of frauds requires that the alleged modification agreement be in writing. Hence, the first element of a breach-of-contract claim, the existence of a valid contract, is not present in this case.

A breach-of-contract claim fails with respect to the loan modification agreement upon the

---

[10]Any loan modification would be governed by Alabama law. (Bk. Doc. 64, Convenant 16).

[11]Movant shows an original debt of $52,400.00, with a balance of approximately $46,500.00 at filing.

18

undisputed facts before this court.[12] Therefore, the Original Complaint and the Amended Complaint fail to state a cause of action for breach-of-contract.

### 3. Negligent Misrepresentation and/or Fraud

Debtor's Original Complaint fails to allege facts specific enough to plausibly give rise to a claim for negligent misrepresentation and/or fraud.

While Rule 8 of the Federal Rules of Civil Procedure applies to most pleadings filed in adversary proceedings, pleadings alleging mistake or fraud are governed by the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. FED. R. BANKR. P. 7009. Rule 9(b) provides: "In alleging fraud or mistake, the party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "The particularity requirement of Rule 9(b) is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" U.S. ex rel. Matheny v. Medco Health Solutions, Inc., 671 F. 3d 1217, 1222 (11th Cir. 2012) (quoting Hopper v. Solvay Pharm., Inc., 588 F. 3d 1318, 1324 (11th Cir. 2009)). Neither the Original Complaint nor the Amended Complaint specify Movant's alleged fraudulent acts or when they

---

[12]This court would like to note that the Original Complaint also fails to state a claim for wrongful foreclosure under Alabama law. The facts alleged in the Original Complaint are that Movant wrongfully initiated foreclosure proceedings because the parties were negotiating a mortgage modification. While these facts could plausibly assert a breach-of-contract claim, they could also plausibly assert a claim for wrongful foreclosure. Alabama law requires that a foreclosure sale actually take place before a claim for wrongful foreclosure can arise. Forester v. Bank of America, N.A., No. 11-0160, 2012 WL 3206471, at * 4 (S.D. Ala. Aug. 7, 2012). Because Movant did not actually hold a foreclosure sale on Debtor's homestead real property, Debtor does not have a claim for wrongful foreclosure. Therefore, there is no basis for finding that Movant wrongfully foreclosed upon Debtor's homestead real property upon the undisputed facts before this court.

19

occurred; in fact, neither complaint mentions the words "fraud" or "fraudulent."

There is no basis for a finding that Movant was engaged in negligent misrepresentation and/or fraud upon the undisputed facts before this court. Therefore, the Original Complaint and the Amended Complaint fail to state a cause of action for negligent misrepresentation and/or fraud.

### 4. Intentional Infliction of Emotional Distress

As discussed in detail above, Debtor's Original Complaint fails to allege facts specific enough to plausibly give rise to a claim for intentional infliction of emotional distress. Therefore, the Original Complaint and the Amended Complaint fail to state a cause of action for intentional infliction of emotional distress.

### III. Movant's Request for Costs and Attorney Fees

In addition to its request for summary judgment, Movant has also requested "this Honorable Court impose sanctions on [Debtor] in the form of costs and attorney's fees incurred by [Movant] as a result of [Debtor's] spurious pleading."

This court will first address whether Movant is entitled to costs. Bankruptcy Rule 7054(b) provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. . . ." FED. R. BANKR. PRO. 7054(b). Because Movant's Motion for Summary Judgment is due to be granted, Movant is the prevailing party in this adversary proceeding is entitled to costs. However, there is no evidence that Movant incurred any costs, other than attorney fees, in defending against this adversary proceeding. Therefore, Movant's request for costs is denied.

This court will next address whether Movant is entitled to attorney fees. If Movant is to be awarded attorney fees, it would have to show why the circumstances in this adversary proceeding

20

warrant an exception to the American Rule regarding attorney fees, which requires each party to bear the costs of its own attorney fees. It appears from Movant's pleadings that it believes Debtor's conduct in this case warrants sanctions, which would provide an exception to the American Rule regarding attorney fees. Specifically, Movant alleges that the Debtor's "spurious pleadings" rise to the level of sanctionable conduct. This court disagrees. Debtor filed this adversary proceeding because Movant refused a late payment from the Debtor, even though the payment was late due to circumstances beyond the Debtor's control. Movant then instituted foreclosure proceedings against Debtor's homestead real property, despite the fact that they were in negotiations to modify Debtor's mortgage agreement, and Debtor was making payments to Movant with the understanding that the mortgage modification would go forward. Debtor filed this adversary proceeding in a desperate attempt to save his homestead real property. Subsequently, Debtor accomplished this goal: He is currently paying Movant pursuant to a Confirmed Chapter 13 Plan in his second bankruptcy case. (2d Bk. Doc. 56). Although Debtor's Original Complaint and Amended Complaint might be classified as inartful, this court does not feel that the Original Complaint and Amended Complaint are "spurious pleadings." Debtor was right to feel aggrieved by Movant's conduct, and was merely seeking redress before this court for those grievances. This is not sanctionable conduct. Movant's request for attorney fees is denied.

## CONCLUSION

The Original Complaint and Amended Complaint fail to state a cause of action upon which relief can be granted. Therefore, the Motion for Summary Judgment is due to be **GRANTED**.

Debtor did not engage in sanctionable conduct during the course of this adversary proceeding.

Movant's request that this court impose sanctions on Debtor in the form of costs and attorney fees for "spurious pleading" is due to be **DENIED**.

**DONE and ORDERED** this November 9, 2012.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge